THOMAS & PIERSON, INC. *v.* UNITED STATES (No. 4042)[1]

T. D. 49042.

United States Court of Customs and Patent Appeals, May 29, 1937

*Walden & Webster* (*J. L. Klingaman* of counsel) for appellant.

*Joseph R. Jackson*, Assistant Attorney General (*Charles D. Lawrence*, Special Assistant to the Attorney General, *Charles J. Miville*, special attorney, and *James F. Donnelly*, junior attorney, of counsel), for the United States.

[Oral Argument April 8, 1937, by Mr. Klingaman and Mr. Lawrence]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

HATFIELD, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court, Third Division.

Merchandise, consisting of a stone sun-dial pedestal, was entered by the importer free of duty under the provisions for "artistic antiquities, and objects of art of ornamental character or educational value * * * produced prior to the year 1830," contained in paragraph 1811 of the Tariff Act of 1930. It was assessed for duty by the collector at the port of New York as a manufacture of earthy or mineral substances, decorated, at 40 per centum ad valorem, under paragraph 214 of that act, and with an additional sum of 25 per centum ad valorem in accordance with the provisions of section 489 of that act.

The statutes, so far as pertinent, read:

PAR. 1811. Works of art (except rugs and carpets made after the year 1700), * * * artistic antiquities, and objects of art of ornamental character or educational value which shall have been produced prior to the year 1830, but the free importation of such objects shall be subject to such regulations as to proof of antiquity as the Secretary of the Treasury may prescribe.

PAR. 214. Earthy or mineral substances wholly or partly manufactured and articles, wares, and materials (crude or advanced in condition), composed wholly or in chief value of earthy or mineral substances, not specially provided for, whether susceptible of decoration or not, if not decorated in any manner, 30 per centum ad valorem; if decorated, 40 per centum ad valorem.

SEC. 489. * * * Furniture described in paragraph 1811 shall enter the United States at ports which shall be designated by the Secretary of the Treasury for this purpose. If any article described in paragraph 1811 and imported for sale is rejected as unauthentic in respect to the antiquity claimed as a basis for free entry, there shall be imposed, collected, and paid on such article, unless exported under customs supervision, a duty of 25 per centum of the value of such article in addition to any other duty imposed by law upon such article.

The cause was submitted to the United States Customs Court on the report of the collector.

The material portion of the collector's report reads:

Respectfully referred to the U. S. Customs Court for decision.

The merchandise in question was claimed on entry to be entitled to the free privileges of paragraph 1811 of the Act of 1930, but said claim was rejected as unauthentic and the merchandise returned by the Appraiser as "not believed produced prior to the year 1830."

Duty was assessed at the rates provided for similar modern productions and also at the extra 25% to which articles imported for sale and rejected as antiques are subject under Section 489 of the present Tariff. See T. D. 44165 and 44522, etc.

In its assignment of errors in this court, appellant claims that the trial court erred—

In not holding the assessment of 25 per cent ad valorem under Sec. 489, Tariff Act of 1930, to be a penalty within the meaning of the Fifth Amendment to the Constitution and Sec. 41 (9) of Chapter 2 of the Judicial Code, and therefore not within the power of administrative officers to levy.

It is the position of counsel for appellant that "due process of law" requires that a penalty must be imposed by judicial authority, and that it cannot be imposed by an administrative officer. Counsel for appellant argue at considerable length that the additional duty provided for in the quoted provisions of section 489, *supra*, is a penalty, and, in support of their argument, cite the case of *Helwig* v. *United States*, 188 U. S. 605, and others which we deem it unnecessary to refer to here.

In the *Helwig* case, *supra*, it was held that additional duties imposed under the additional duty provisions of section 7 of the Customs Administrative Act of 1890 (26 Stat. 131, 134) were penalties, and that by virtue of the provisions of R. S. 563, still in force (28 U. S. C. § 41 [Judicial Code, section 24, amended]), providing that the District Courts of the United States should have original jurisdiction "Of all suits and proceedings for the enforcement of penalties and forfeitures incurred under any law of the United States," the United States Circuit Courts had no jurisdiction in such suits. It there appeared that the collector assessed the additional duties, and demanded payment of the same. The importer declined to pay, and the United States brought suit to recover in the United States Circuit Court, whereas, the suit should have been brought in the United States District Court.

We find nothing in that decision which holds that the collector, an administrative officer, may not impose a penalty when duly authorized by the Congress so to do, nor is there any case cited by counsel for appellent which so holds.

Appellant's assignment of errors limits the issue in the case to the question of whether, assuming that the so-called additional duty is a penalty, under the Fifth Amendment to the Constitution, and section 24 of the Judicial Code, *supra*, the collector, an administrative officer, had the power to assess the involved merchandise with the 25 per centum additional duty, and accept payment of the same.

It is claimed by counsel for appellant that the collector's assessment of the additional duty and his acceptance of the sum paid by the importer is unlawful. Accordingly, it is unnecessary, for a proper decision of the issues presented, for us to determine (and we do not do so) whether the 25 per centum additional duty provided in section 489, *supra*, is or is not a penalty.

Counsel for the Government argue that the 25 per centum additional duty is a duty only and not a penalty, and cite cases in support of their contention. Counsel also contend that if it should be held that the 25 per centum additional duty provided for in the quoted provisions of section 489, *supra*, is a penalty and not a duty or a tax, the collector, nevertheless, had the authority to impose and collect the same, and, in support of that proposition, cite the following cases: *Lloyd Sabaudo Societa* v. *Elting*, 287 U. S. 329; *Public Clearing House* v. *Coyne*, 194 U. S. 497; *McDowell* v. *Heiner*, 9 F. (2d) 120 (affirmed 15 F. (2d) 1015; writ denied 273 U. S. 759); *Lloyd Royal Belge Societe Anonyme* v. *Elting*, 61 F. (2d) 745.

That the Congress has the power to authorize an administrative officer to impose money penalties, not unreasonable or confiscatory in amount, and that "due process of law does not require that the courts, rather than administrative officers, be charged, in any case, with determining the facts upon which the imposition of such" penalties depend, is no longer open to question. See *Lloyd Sabaudo Societa* v. *Elting*, *supra*, and cases therein cited; *Public Clearing House* v. *Coyne*, *supra*; *McDowell* v. *Heiner*, *supra*; *Lloyd Royal Belge Societe Anonyme* v. *Elting*, *supra*, and cases therein cited.

No claim is made here by counsel for appellant that if the Congress has the power to confer upon the collector the authority to impose the so-called 25 per centum additional duty, it has failed to exercise that power.

We think it is clear from the quoted provisions of section 489, *supra*, and other administrative provisions of the Tariff Act of 1930, including section 514 of that act, that the Congress intended to confer upon the collector the authority to impose the 25 per centum additional duty,

whenever his classification of merchandise required the application of the quoted provisions of section 489, *supra.*

Counsel for appellant, after quoting the following from section 514, *supra;*

all decisions of the collector, including the legality of all orders and findings entering into the same, as to the rate and amount of duties chargeable, and as to all exactions of whatever character (within the jurisdiction of the Secretary of the Treasury),

state in their brief—

That this 25 per cent exaction accrued was the collector's decision. There is nothing in the statute to indicate even remotely that the matter is outside of the jurisdiction of the collector and the Secretary of the Treasury, who is the collector's superior officer. Whether he has the authority to collect it is a proper subject of inquiry before the court. If he has no such authority, the court will order the sum refunded.

Thereupon, counsel called attention to our decision in the case of *United States* v. *Monroe-Goldkamp Co.*, 15 Ct. Cust. Appls. 26, T. D. 42135, where it was held that article 1122, Customs Regulations, 1923, which directed collectors to collect $5 as liquidated damages for each missing invoice, which was required by the "term entry bond" to be produced, was contrary to law and void, and that therefore the collector's exaction of such sum was without authority of law. The decision in that case is not applicable to the issues now before us. Counsel further state in their brief that if the 25 per centum additional duty is a penalty, it must be held "following the *Helwig* case, *supra*," that it must be collected by the Government through appropriate action in the United States District Court.

In the *Helwig* case, *supra*, the importer refused to pay the additional duty assessed against him and under those circumstances the Government was obliged, as held by the Supreme Court, to bring suit in the United States District Court if it desired to recover the penalties assessed.

It is unnecessary in the instant case for us to decide what action the Government should have taken had appellant refused to pay the 25 per centum additional sum assessed against the imported merchandise.

It is not denied that the imported article is described in paragraph 1811, *supra;* that it was imported for sale; and that it was rejected "as unauthentic in respect to the antiquity claimed as a basis for free entry," nor is the propriety of such rejection questioned. Accordingly, as the merchandise was not exported under customs supervision, we are of opinion, for the reasons hereinbefore stated, that the collector's assessment of the additional duty and his acceptance of the sum so assessed was not contrary to law.

The judgment of the United States Customs Court is *affirmed.*